CHARLES S. CLARKE, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

The provision of the act of 1859 " in relation to taxes and assessments in the city of New York " (Laws of 1859, chap. 302, § 8), requiring the commissioners of taxes and assessments to keep the books containing the " annual record of the assessed valuation of real and personal estate " open for examination and correction " from the second Monday of January until the first day of May in each and every year," does not include the day last mentioned; a tax, therefore, is not invalidated by the fact that the books having been kept open through April thirtieth were closed to the public on the first day of May.

Where a tax upon real estate is properly imposed under said act, which is unpaid and a sale is made in conformity to law, any defect in the certificate or lease executed to the purchaser does not impair or affect the sale or authorize him to recover back the purchase-money. This right only exists where the sale is absolutely void for want of jurisdiction

(Argued November 26, 1888; decided January 15, 1889.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made January 3, 1888, which reversed a judgment in favor of plaintiff entered upon a verdict directed by the court. (Reported below, 23 J. & S. 259.)

This action was brought to recover back $3,190.65, money paid by plaintiff as purchaser of lands sold on the 7th of May, 1883, for the non-payment of taxes, under the direction of the comptroller of the city of New York.

Plaintiff received the usual certificate of sale, and subsequently, the premises not being redeemed, he surrendered the certificate and took from the city a paper purporting to be a lease for the term of years mentioned in the certificate. He alleges the lease to be void, and that he received no value for the money paid. The facts upon which the claim was based, so far as material, are stated in the opinion.

*John Townshend* for appellant. A proceeding to collect a tax by a sale for default, in payment by the person taxed, consists of many parts, steps or links; if any one of those links is invalid, the whole proceeding fails. (*Doughty* v.

*Hope*, 3 Denio, 599; *Sharp* v. *Speir*, 4 Hill, 86.) The alleged taxes were void, because the books of record were closed on April thirtieth, instead of on May first, and because the commissioners did not, in the manner required by law, advertise that books would be kept open, etc. (Laws of 1859, chap. 302, § 8; *King* v. *Stevens*, 5 East, 244; *Kendall* v. *Kingsley*, 120 Mass. 94; *Isaac* v. *Ins. Co.* L. R., 5 Exch. 296; *Bellhouse* v. *Mellor*, 4 H. & N. 120; *Abeel* v. *Alexander*, 45 Ind. 523; *Webster* v. *French*, 12 Ill. 302; *Thomas* v. *Douglass*, 2 Johns. Cas. 224; *King* v. *Stevens*, 5 East, 244; *People* v. *Walker*, 17 N. Y. 502; *Apgar* v. *Hayward*, 18 N. Y. S. Rep. 169, 173.) The right to object to the assessment is an important prerogative of the taxpayer, one which the courts will guard with jealous care. Any abridgment of this right will render the tax void. The omission to give the notice is a jurisdictional defect. (*Jewell* v. *Van Steenburg*, 58 N. Y. 86.) The provisions for being heard being of vital importance to the taxpayer must be regarded as compulsory, and the compliance with them as conditions precedent to any further step to charge him with a tax. (Cooley on Taxation, 267; *Thames Co.* v. *Lathrop*, 7 Conn. 550; *State* v. *Jersey City*, 25 N. J. 308; *Sioux City* v. *Washington Co.*, 3 Neb. 30; *Adriance* v. *McCafferty*, 2 Robt. 153.)

*D. J. Dean* for respondent. The word "until" is ordinarily to be taken in an exclusive sense, and the books were not required by it to be kept open during May first. (*People* v. *Walker*, 17 N. Y. 502; *Sands* v. *Lyon*, 18 Conn. 27; *People* v. *Luther*, 1 Wend. 42; *Webster* v. *French*, 12 Ill. 302.)

DANFORTH, J. We have carefully examined the various points made by the appellant, and think none important except those which relate to the validity of the sale. If the sale was valid, errors or defects in the subsequent proceedings are of no importance upon the question raised in this action.

*First.* It is argued that the taxes, for the non-payment of which the sale was made, were void. They were imposed in

1877, 1878 and 1879, and under the act then in force the tax commissioners were required to have in their office books " to be called the annual record of assessed valuation of real and personal estate," and keep them " open for examination and correction, from the second Monday in January until the first day of May in each year," but the statute declares that " on said last mentioned day the same shall be closed to enable the commissioners to prepare assessment rolls," etc. (Laws of 1859, chap. 302, § 8.) They were kept open from the time specified through April, but no longer, and in this the appellant says the commissioners erred, the contention being that the word " until " is inclusive, and required the books to be open for inspection and examination through the first day of May. The authorities cited by counsel show that the word is variously used, sometimes as inclusive and again as exclusive, and that no fixed rule has been laid down in regard to it. In each instance its construction must depend upon the circumstances and subject-matter of the case presented. By itself, however, it marks a limitation of time, and its more obvious meaning requires the exclusion of the day named (*People* v. *Walker*, 17 N. Y. 502) ; and in construing the clause now in question, we treated the word as of like import with the phrase " up to" (*Apgar* v. *Hayward*, 110 N. Y. 225), or as excluding that which came after. The context also shows that the word was used in that sense by the legislature. During the interval between the second Monday of January and the first day of May the books were to be open to the taxpayer for inspection and for correction, if necessary, but on the day last named they are by statute devoted to another use, exclusive in its nature, for at that time the commissioners are, from those books, to prepare assessment-rolls. They must then be in their hands with no interruption from the public, and this could not be if the latter had at the same time a right to inspect or examine them.

*Second.* The other objections made by the appellant are immaterial in this action. . They relate to irregularities merely and not to matters affecting jurisdiction. The taxes were

properly imposed; they remained unpaid and a sale was authorized by statute; it was conducted in conformity to law, and at that moment the rights of the parties to the transaction became fixed. The vendor was entitled to the price bid, the purchaser to have a valid certificate, and in due time, upon the happening of the contingencies named in the statute, a lease. If those he has obtained are either informal or invalid by reason of the omission of any statutory condition or irregularity respecting such instruments, the defects do not impair the sale, and consequently leave in full force the contract upon which he paid his money.

The case of *Chapman* v. *City of Brooklyn* (40 N. Y. 372), upon which the appellant chiefly relies, presented a sale absolutely void for want of jurisdiction or power in the city to make it, and one where, from the very inception of the assessment proceedings, the statute had been disregarded. The other cases referred to appear to be irrelevant, if the view we have taken of the principal question is correct, and require no discussion.

It follows that the order appealed from should be affirmed, and the defendant have judgment absolute, with costs.

All concur.

Order affirmed and judgment accordingly.