## HOOD RUBBER CO. v. WHITE, Collector (two cases).

District Court, D. Massachusetts. August 29, 1928.

Nos. 3228, 3229.

Harold C. Haskell, of Watertown, Mass., for plaintiff.

J. Duke Smith, Sp. Asst. U. S. Atty., of Boston, Mass., for defendant.

LOWELL, District Judge. These were two actions to recover income and excess profits taxes for the years 1918 and 1919, paid under protest. The facts are similar, and it was agreed at the hearing that the determination of one of them would carry with it the decision of the other.

On March 14, 1919, the plaintiff filed an estimated return of profits for the year 1918 in the sum of $300,000, and paid at the same time the first quarterly installment of $75,-000. The return was made out on a paper called a "Tentative Return and Request for Extension of Time." The time for filing a completed return was twice extended; the last date being July 14, 1919. In the meantime the Commissioner had demanded, and the plaintiff had paid, a second quarterly installment of $75,000. The completed return was filed on July 14, 1919. On January 26, 1924, the plaintiff and the Commissioner came to an agreement, extending the time of assessment and collection of the taxes for one year beyond the statutory period of limitation (five years in all). This instrument was as follows:

"January 26, 1924.

"Income and Profits Tax Waiver.

"In pursuance of the provisions of subdivision (d) of section 250 of the Revenue Act of 1921, Hood Rubber Company and affiliated companies, of Watertown, Mass., and the Commissioner of Internal Revenue, hereby consent to the determination, assessment, and collection of the amount of income, excess profits, or war profits, taxes due under any return made by or on behalf of the said companies for the year nineteen hundred and eighteen under the Revenue Act of 1921, or under prior income, excess profits, or war profits tax acts. * * * This waiver is in effect from the date it is signed by the taxpayer, and will remain in effect for a period of one year after the expiration of the statutory period of limitation, or the statutory period of limitation as extended by any waivers already on file with the bureau, within which assessments of taxes may be made for the year or years mentioned."

The Commissioner assessed the taxes on March 18, 1925, and collected them by distraint on December 15, 1926.

The plaintiff contends that the taxes were illegally assessed and collected, as both the assessment and collection were made after the expiration of the time allowed by the waiver.

Two questions arise:

First, was the assessment made in time? and

Second, was the tax collected in time?

The first question depends upon the meaning of the word "return," as used in the statute. The waiver, construed in connection with the statute (Comp. St. § 6371⅘ii), allowed five years from the return in which to make the assessment. If the word "return" refers to the tentative return, the government did not assess the tax in time. If, however, it refers to the completed return, the assessment was made within the required five years. This question, which is not free from doubt, need not be decided, as, even if it be granted that the assessment was made in time, the tax was not collected within five years from the date of the completed return.

The government's contention that the waiver did not limit the time of collection of the tax to six years is unsound. The government takes advantage of the six-year period for assessment, and then says that the six-year period for collection was changed by the later statute of 1924 (26 USCA § 1061), which allowed six years after a valid assessment for collection. The government cannot have its cake and eat it too. Either the waiver conferred no power on the government to make the assessment later than the statutory period allowed, or it set up a six-year restriction on collection as well as assessment. It is distinctly unfair for the government to take advantage of one part of the waiver and refuse to be bound by the other part of it. The statement made in the government's brief and in some of the cases, that the waiver was made by the taxpayer and the Commissioner with future statutes in view, seems far-fetched. A distinct limitation of six years (one year more than the period then prescribed by statute) was expressly put in the waiver, showing that the six-year period was a matter of importance to both sides. As the taxing statutes were being changed at nearly every session of Congress, the parties would undoubtedly have referred to future taxing acts had they had them in mind.

The government cites cases to the effect that "no officer of the government has the right to waive the statute of limitations in

favor of the United States." See, for instance, De Arnaud v. United States, 151 U. S. 483, 14 S. Ct. 374, 38 L. Ed. 244. These cases are sound law, but they apply only to statutes of limitation then in force, and not to ones which are prescribed by Congress in later acts. In this case the Commissioner did not waive a statute of limitation; it was the taxpayer who waived it, and gave more time to the Commissioner to assess and collect the taxes.

The government also contends that Congress had the power to change the time for collection set up by the waiver without thereby infringing any of the plaintiff's constitutional rights. This argument is unsound. It was to the advantage of both parties that the period of limitation should be extended and it was of special advantage to the plaintiff that it should know when the taxes might be considered as unenforceable, so that it might properly arrange its financial affairs. This seems to be clearly a case of a binding contract, which cannot be varied by subsequent legislation. C. & N. W. Ry. Co. v. United States, 104 U. S. 680, 26 L. Ed. 891.

The government cites certain paragraphs from the opinion of the Board of Tax Appeals in Sunshine Cloak & Suit Co., Petitioner, v. Commissioner, 10 B. T. A. 971, in support of its contention in the present case. That case was rightly decided, as the collection of the tax was not mentioned in the last two of the three waivers which were there in suit; so that, the assessment having been made in time, the provisions of the act of 1924 (26 USCA § 1061), allowing collection to be made within six years of a valid assessment, came into force. The passages in the opinion cited by the government were not necessary to the decision in the case, and therefore do not carry with them as much weight as if they were not obiter dicta.

Judgment for plaintiff.