## INSLEY MFG. CO. v. THURMAN, Collector of Internal Revenue.

Circuit Court of Appeals, Seventh Circuit. May 17, 1929.

### No. 4103.

442

Jesse I. Miller, of Washington, D. C., for appellant.

Elden McFarland, of Los Angeles, Cal., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Appeal is from a judgment for the collector in a suit by a taxpayer to recover income taxes for the year 1918. The single question presented is whether the assessment was made within lawful time.

Appellant, after having made a tentative return for income and profits taxes for the year 1918, made a complete return for that period on June 16, 1919. The statute of limitations then applicable to taxes for the year 1918 required that assessment and collection be made within five years.

The Commissioner of Internal Revenue, on January 25, 1924, secured from appellant a waiver extending the time for assessment and collection one year; i. e., to June 15, 1925.

On September 4, 1924, there was mailed to appellant a "60-day letter," advising of a proposed deficiency assessment for the year 1918 of $10,676.22. An appeal was taken to the Board of Tax Appeals on October 23, 1924.

Appellant and the Commissioner entered into another waiver agreement about December 31, 1924, extending the time for assessment until December 31, 1925.

The Board of Tax Appeals entered a final order fixing the deficiency for 1918 at $16,234.81 on September 17, 1926. Assessment was made by the Commissioner in November, 1926, and payment made. Claims for refund were filed and disallowed, whereupon this suit was brought.

It is contended for the taxpayer that the period within which the tax could have been assessed was extended to December 31, 1925, by the waivers, but, the assessment not having been made within that time, there was no lawful assessment.

The collector relies upon the applicability of section 277 (b) of the Revenue Act of 1924:

"Section 277. (a) Except as provided in section 278 and in subdivision (b) of section 274 and in subdivision (b) of section 279—

"(2) The amount of income, excess profits, and war profits taxes imposed by * * * the Revenue Act of 1918 * * * shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

"(b) The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 and no appeal has been filed with the Board of Tax Appeals, or, (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the board.—43 Stat. 299 [26 USCA § 1057, note].

"Section 278. (c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.—43 Stat. 300."

It is urged by the collector that section 277 (b), upon appeal by the taxpayer to the Board of Tax Appeals, extended the time within which assessment might be made regardless of whether the mailing of the notice, which marked the beginning of such extended period, occurred during the five years fixed by section 277 (a) or during a waiver period agreed upon under section 278 (c). To this the taxpayer replies that section 277 (b) refers only to the five-year period provided for by section 277(a), and therefore has no application where the five years has expired at the time of the mailing of the notice, and that—since the taxpayer and the Commissioner had entered into an agreement under section 278(c)—to adopt the construction proposed by the collector would render section 277(b) unconstitutional, in that it would modify contracts to which the United States is a party.

A literal reading of the sections in question might lend some support to the taxpayer's contention, but statutes of the scope and complexity of the Revenue Acts are not to be read piecemeal and without regard to the purpose of each provision.

The purpose of section 277(b) is obvious. It was intended to protect the government against the running of the statute of limita-

tions during the pendency of an appeal to the Board of Tax Appeals. The opportunity of such appeal was first accorded the taxpayer by the Revenue Act of 1924. Such an appeal could be taken whenever the Commissioner proposed to assess for deficiency, regardless of whether this was done during the original period of limitations prescribed by section 277(a), or during a waiver period agreed upon between the Commissioner and the taxpayer. No reason can be seen why the government should be protected against the running of the statute of limitations when the appeal is taken after a notice mailed within the five years, and be denied such protection in the case of an appeal when the notice was mailed during a waiver period. It is our conclusion that section 277(b) was designed to protect the government in both instances.

While the construction contended for by the collector is that suggested by this analysis of the purpose of the section, we may consider it with relation to other pertinent provisions to determine whether it lends itself to such construction.

When section 277(b) refers to "the period within which an assessment is required to be made by subdivision (a)," can it be said that only the five-year period is meant? Section 277(a) provides that, "except as provided in section 278 and in subdivision (b) of section 274 and in subdivision (b) of section 279," assessment shall be made within five years after return is filed. The exceptions cannot be ignored. Whether in a given instance "the period within which an assessment is required to be made" is five years or otherwise depends upon the applicability of the exceptions. And whether this period is fixed by the five-year limitation, or by exceptions therefrom, it is by subdivision (a) that the requirement is established. Whatever this period is, by section 277(b) it is extended when an appeal is taken to the Board of Tax Appeals.

At the time of the appeal in the instant case, the period within which the assessment was required to be made was the one-year period agreed upon. By section 277(b) it was extended by the length of time intervening betwen the mailing of the "60-day letter" and the final decision of the board. Assessment was made well within the period of limitations so extended.

The question remains whether the enactment of section 277(b), as thus construed, is within the power of Congress.

Statutes of limitation in the recent Rev-

enue Acts apparently have been intended only to bar the remedy and not to extinguish the liability. See section 1106(a) of the 1926 act and section 612 of the 1928 act, 44 Stat. 113, and 45 Stat. 875 respectively. Whether it is within the power of Congress to modify such a limitation after the period has run it is unnecessary here to decide, as the 1924 act became effective before the statutory period had elapsed. The provision which the appellant attacks does not of itself change the status of the government's claim against the taxpayer, or, as appellant protests, alter an existing agreement by legislation. The section has application only when the taxpayer avails himself of the newly provided right of appeal to the Board of Tax Appeals, and in effect merely imposes a reasonable and necessary condition to the assertion of that right. No constitutional objection is apparent in legislation of that character.

The judgment of the District Court is affirmed.