**PARISH–WATSON CO., Inc., v. ANDERSON, Collector of Internal Revenue.**

District Court, S. D. New York. August 1, 1929.

James H. Hayes, of New York City (Alvah H. Combs, of New York City, of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for defendant.

THACHER, District Judge (after stating the facts as above). Computing the limitation period as extended by agreement for one year from the filing date of the tentative return—White, Collector, v. Hood Rubber Co. (C. C. A. 1st, June 25, 1929) 33 F. (2d) 739; Brandon Corp. v. Jones, Collector, (D. C. E. D. S. C., March 30, 1929) 33 F.(2d) 969; opinion of Gilbert, J., in Rasmussen v. Brownfield-Canty Carpet Co., 31 F.(2d) 89 (C. C. A. 9th)—it is apparent that within the extended period which by agreement of the parties was to expire March 14, 1925, notice of deficiency was given to the taxpayer pursuant to the act of 1924. Under the pro-

visions of the Revenue Act of 1924 (sections 277, 278 [26 USCA § 1057, note, and section 1058 et seq.]) this notice and the taxpayer's appeal thereafter taken had the effect of further extending the time for assessment by the number of days between the notice and final decision by the board, and upon computation it appears that the assessment was made within the period thus extended.

But plaintiff insists that the 1924 act can have no effect in this case, because the time for assessment and collection fixed by contract between the parties could not be further extended by statute enacted after the date of the agreement. In support of this contention Hood Rubber Co. v. White (D. C.) 28 F.(2d) 54, is cited, but in that case the taxpayer did not appeal to the Board of Tax Appeals under the provisions of the Revenue Act of 1924.

A case which is precisely in point is Insley Manufacturing Co. v. Thurman, Collector (C. C. A. 7th, decided May 17, 1929) 33 F.(2d) 441. There it was held that an appeal taken by the taxpayer under the 1924 act had the effect of extending the time previously fixed by agreement of the parties within which an assessment could be made, and it was said, of section 277(b) of the 1924 act (26 USCA § 1057, note): "The section has application only when the taxpayer avails himself of the newly provided right of appeal to the Board of Tax Appeals, and in effect merely imposes a reasonable and necessary condition to the assertion of that right." This confirms the views expressed from the bench at the conclusion of the trial, and I am constrained to grant the defendant's motion and deny the motion of the plaintiff.

The parties may appear before me in room 3, twelfth floor, Woolworth Building, upon two days' notice, at which time a verdict will be directed accordingly.