**SOLOMON v. HEINER, Collector of Internal Revenue.**

**No. 5895.**

District Court, W. D. Pennsylvania.

June 28, 1930.

Henry O. Evans and Oliver Evans, both of Pittsburgh, Pa., for plaintiff.

Louis Graham, U. S. Atty., of Beaver, Pa., Wm. J. Aiken and Jno. McCann, both of Pittsburgh, Pa., and C. M. Charest and Ottamar Hamele, both of Washington, D. C., for defendant.

SCHOONMAKER, District Judge.

This is an action to recover income and profits taxes for the year 1917, alleged to have been illegally collected after the collection was barred by the statute of limitations.

The defendant has filed an affidavit of defense, averring:

(1) That the statute of limitations had not expired at the date of collection, by reason of the fact that a waiver had been executed by the taxpayer and the Commissioner of Internal Revenue under the provisions of section 250(d) of the Revenue Act of 1921 in the language following:

"I, Max Solomon, in consideration of the assurance given me by officials in the Income Tax Unit of the Bureau of Internal Revenue that my liability for all federal taxes imposed by the Acts of Congress, approved October 3, 1913, September 8, 1916, and September 8, 1916, as amended by the Act of Congress approved October 3, 1917, for the years ended December 31, 1915, 1916, 1917, on my net income received from all sources in said years, shall not be determined except after deliberate, intensive and thorough consideration, hereby waive any and all statutory limitations as to the time within which assessments based upon such liability may be entered. It is understood, however, that I do not, by the execution of this waiver, admit in advance the correctness of any assessment which may be made against me for said years by the officials of the Income Tax Unit.

"[Signed]   Max Solomon, Taxpayer."

(2) That the claim is barred because the plaintiff failed to file a claim for refundment, as provided for by law and regulations (section 1318 of the Revenue Act of 1921 [26 US CA § 156]; article 304, Regulation 69), in that the claim for refundment, as filed, did not show that it was made because the collection had been barred by the statute of limitations.

The plaintiff contends that this waiver did not extend the time for the collection of the tax involved here, but only extended the time for the assessment of it.

We therefore first have to interpret this waiver to ascertain whether or not it is a waiver within the meaning of section 250(d) of the Revenue Act of 1921 (42 Stat. 227), by which the Commissioner and the taxpayer consented in writing to a later determination, assessment, and collection of the tax. On April 12, 1918, the plaintiff made his federal tax return for the year 1917, and paid a tax of $189,707.75. On or about December 11, 1922, the waiver above quoted was filed by the plaintiff with the Bureau of Internal Revenue and was approved by the Commissioner of Internal Revenue on February 8, 1923. While this waiver is without limitation as to time of assessment, under the Commissioner's ruling of April 11, 1924, Mim. 3085, the waiver was effective until April 1, 1924. On January 12, 1924, the Commissioner assessed an additional tax against the plaintiff for the year 1917 in the sum of $262,544.25, which taxes were paid by the plaintiff to the defendant under protest on January 28, 1924. On March 15, 1924, the plaintiff filed with the Commissioner a claim for refundment of these taxes, asking for a special assessment under the provisions of the statute. This refundment claim did not aver as a basis for refundment that the collection of the claim was barred by the statute of limitations. This refundment claim was rejected August 10, 1925. On or about January 4, 1929, the plaintiff, by letter of that date, called attention of the Commissioner of Internal Revenue to section 607 of the Revenue Act of 1928 (26 USCA § 2607), and then for the first time alleged that the collection of the additional taxes was barred by the statute, and demanded a refundment of the same. This suit was filed on January 29, 1929.

As we interpret the waiver in this case, it was intended and effective as a waiver of any and all statutory limitations as to the time when both assessments and collection of taxes could be made; otherwise the instrument would be absolutely futile. It was filed for the purpose of permitting the Bureau of Internal Revenue to give deliberate, intensive, and thorough consideration of the taxpayer's liability for the years included in the waiver. Certainly it would be an idle gesture for the Commissioner to agree to make an intensive study of the taxpayer's tax liability and make an assessment, when that assessment, as soon as it was made, could not be collected.

This court, McVicar, Judge, had before it the interpretation of this same sort of waiver in the case of Washington Coal & Coke Company v. Heiner, 42 F.(2d) 681, and on June 16, 1930, filed his opinion placing the same interpretation upon a similar waiver that we have made with reference to this one, and, as supporting this interpretation, cites Stange v. United States, 68 Ct. Cl. 395, opinion by Judge Green; Roy & Titcomb v. United States (Ct. Cl.) 39 F.(2d) 753.

We therefore conclude that the waiver set out in the amended affidavit of defense waives both the assessment and the collection of the tax involved in this suit, and presents a complete bar to the plaintiff's right of recovery. It is therefore unnecessary to pass on the question of whether or not an effective claim for refundment was made in this case, and we pass no opinion on that subject. The plaintiff's motion for judgment will be denied.

#### Order.

Now, June 28, 1930, this case came on to be heard on plaintiff's motion for judgment for want of a sufficient affidavit of defence, and, on due consideration thereof, it is hereby ordered that the said motion be, and the same is, hereby denied.