**REMINGTON–RAND, Inc., v. UNITED STATES.**

**No. 4.**

District Court, D. Delaware.

April 4, 1932.

John E. Hughes, of Chicago, Ill., and James R. Morford, of Wilmington, Del., for plaintiff.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., and Ralph E. Updike, of Washington, D. C., for the United States.

NIELDS, District Judge.

This is a suit by Remington-Rand, Inc., a corporation of Delaware, against The United States, under section 607 of the Revenue Act of 1928 (26 USCA § 2607, 45 Stat. 874), seeking to have refunded $30,079.39 additional income and profits taxes for the calendar year 1918, with interest, alleged to have been paid after the statute of limitations had barred collection of the taxes.

Section 607 of that act provides: "Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim." As this section is part of a tax law giving to taxpayers the right to secure refund of payments that are barred, "it is to be construed liberally in favor of the taxpayers to give the relief it was intended to provide." Bonwit Teller & Co. v. United States, 283 U. S. 258, 263, 51 S. Ct. 395, 397, 75 L. Ed. 1018. However, the Supreme Court has also laid down the rule that: "The presumption is that taxes paid are rightly collected upon assessments correctly made by the Commissioner, and in a suit to recover them the burden rests upon the taxpayer to prove all the facts necessary to establish the illegality of the collection." Niles Bement Pond Co. v. United States, 281 U. S. 357, 361, 50 S. Ct. 251, 252, 74 L. Ed. 901; Phillips v. Dime Trust & S. D. Co., 284 U. S. 160, 167, 52 S. Ct. 46, 76 L. Ed. ——.

The period of limitation applicable to the assessment and collection of these taxes is prescribed in section 250 (d) of the Revenue Act of 1921 (42 Stat. 264), which provides: "The amount of income, excess-profits, or war-profits taxes due under any return made under this Act * * * for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, * ' * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax."

The pertinent facts have been admitted by the stipulation of the parties. In 1927, Remington-Rand, Inc., acquired by merger all of the assets of the Kalamazoo Loose-Leaf Binder Company. On June 16, 1919, the Kalamazoo Company filed an income and profits tax return for the calendar year 1918 and paid the tax shown thereon in the year 1919. In January, 1924, the Kalamazoo Company signed and filed an income and

profits tax waiver for the year 1918, extending the statutory period of limitations for one year. In March, 1924, an additional assessment for the taxable year 1918, including the tax here in question, was made. In February, 1925, a second income and profits tax waiver was filed by the Kalamazoo Company extending the statutory period of limitations on "assessment" of taxes until December 31, 1925. In December, 1925, the collector of internal revenue issued to the Kalamazoo Company a notice and demand to pay the additional tax of $30,079.39 and interest of $3,158.34. On December 31, 1925, the Kalamazoo Company delivered to the collector of internal revenue a check for $33,237.73 in payment of the additional assessment and interest demanded. Thereafter a claim for refund was duly filed asserting as a ground for the claim that the taxes were collected after the statute of limitations had barred collection. In March, 1930, the Commissioner of Internal Revenue rejected the claim.

In brief, the taxpayer filed his income and war profits tax return for 1918 on June 16, 1919, and paid the tax shown on the return. The statute of limitations on the collection of these taxes was five years and expired June 16, 1924, in the absence of a waiver. In March, 1924, an assessment of additional taxes for 1918 was made against the taxpayer. In February, 1925, the taxpayer and the commissioner consented in writing to a later collection of the additional taxes by extending the statutory period of limitations on the "assessment" of taxes until December 31, 1925. On that day the taxpayer delivered to the collector an uncertified check for the amount demanded by him, and the check was paid several days later by the bank on which drawn.

The plaintiff claims the right to have the amount paid to the collector refunded on three grounds: (1) That the check, if deemed payment, was delivered after the bar of the statute of limitations became effective and the day after the expiration of the period plaintiff had consented to waive the bar. (2) That plaintiff waived the bar of the statute of limitations to the "assessment" of taxes and not to their collection. (3) That the delivery of an uncertified check on December 31, 1925, was not payment within the period covered by the waiver, as payment occurred several days afterwards when the bank on which the check was drawn paid it.

■ Plaintiff contends that the waiver by its express terms expired at midnight on December 30, 1925, and that the tax was therefore collected after the running of the statutory bar of limitations. The merit of this contention turns on the construction to be given to the word "until" as used in the waiver. Is it used as a word of inclusion or exclusion? No specific meaning attaches to the word. Whether "until" imports inclusion or exclusion is to be determined by the intention of the parties as gathered from the facts and circumstances and the context of the writing. In internal revenue matters the taxable period usually covers the calendar year and includes December 31. Where the Commissioner and taxpayer use that day in a waiver, it is reasonable to assume that they also use it inclusively as in tax returns. Light is thrown on the meaning of the word "until," as used in the waiver, by the words "and shall then expire" immediately following. Webster defines "then" as meaning "at that time (referring to a time specified)." In the waiver the time specified is December 31, 1925. It is clear, therefore, that the waiver did not expire at midnight on the 30th day of December, 1925, but included the whole of December 31.

■ The second contention of the plaintiff is unsound. The parties to the waiver cannot have intended to have the time for assessing the tax postponed and not the time for paying the tax also postponed. Postponing assessment includes postponing collection. Stange v. United States, 282 U. S. 270, 277, 51 S. Ct. 145, 75 L. Ed. 335; Washington Coal & Coke Co. v. Heiner (D. C.) 42 F.(2d) 681, 685, affirmed (C. C. A. 3) 55 F.(2d) 229; Solomon v. Heiner (D. C.) 43 F.(2d) 592.

■ Plaintiff's remaining contention that payment cannot be made by an uncertified check on the date of its delivery is conclusively answered by the act of Congress (Revenue Act 1926, § 1118(a), 26 USCA § 110) and the proof in this case that the check was honored. Second Nat. Bank v. United States (Ct. Cl.) 42 F.(2d) 344.

The plaintiff is not entitled to have the tax and interest refunded.