### WILLIAM C. ATWATER & CO., Inc., v. BOWERS.
### No. 87.

Circuit Court of Appeals, Second Circuit.
Dec. 10, 1934.

John L. Steinbugler and Leo H. Hoffman, both of New York City (Robert W. Knox, of New York City, of counsel), for appellant.

Martin Conboy, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

On March 19, 1927, the Commissioner of Internal Revenue assessed additional taxes against the appellant for the years 1918 and 1919, respectively. The taxes so assessed were paid under protest on February 8, 1928, and, after rejection of the taxpayer's claim for refund, this suit was brought to recover them with interest.

Only one question need be considered, namely, whether the assessment of March 19, 1927, was outlawed. The taxpayer had filed its tax return for the year 1918 on September 13, 1919, and its tax return for the year 1919 on May 15, 1920. Concededly the assessment was barred by the five-year pe-

riod of limitation prescribed by section 277 (a) (3) of the Revenue Act of 1926, 44 Stat. 58 (26 USCA § 1057 (a), unless the time had been extended by agreement, as permitted by section 278 (c), 44 Stat. 59 (26 USCA § 1060 note). The dispute is whether it had been so extended. Income tax waivers extending the time for assessment had been filed; the final waiver with respect to each year containing the following paragraph:

"This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board."

On December 31, 1926, the Commissioner of Internal Revenue mailed to the taxpayer a deficiency letter proposing an additional assessment for each of the years in question. No appeal was taken to the Board of Tax Appeals.

The taxpayer argues that the waiver extended the time for assessment until December 31st exclusive of that day, and, since the deficiency notice was not mailed "before said date," there was no compliance with the express condition upon which consent to a later assessment was given. The word "until" is of ambiguous meaning and may be construed either to include or to exclude the date to which it refers, depending upon the intention of the parties using it as gathered from the circumstances and the context of its use. Rex v. Stevens, 5 East, 244, 255; Proudman v. Mellor, 4 Hurl. & N. 122, 124; People v. Fitzgerald, 180 N. Y. 269, 275, 73 N. E. 55; Henderson v. Edwards, 191 Iowa, 871, 183 N. W. 583, 585, annotated in 16 A. L. R. 1094; Remington-Rand v. United States (D. C. Del.) 57 F.(2d) 1069, 1070, affirmed 62 F.(2d) 1078 (C. C. A. 3). In the case last cited it was held that a waiver for the assessment of taxes "until December 31, 1925," included the whole of the 31st. We are content to follow this decision and to construe the waiver as permitting assessment on December 31st. But, as no assessment was made until after that date, the Commissioner must rely upon the deficiency notice to extend the time. The waiver provided for this by the clause, "except that if a no-

tice of deficiency in tax is sent * * * before said date * ˅ * then said date shall be extended sixty days." There is no shadow of doubt that "before said date" means before December 31st, and cannot include that day. By no stretch of interpretation can this phrase be construed to mean "on or before," or "before the expiration of," said date, as the defendant argues. Hence the notice of December 31st did not fulfill the condition upon which the taxpayer consented to a sixty-day extension beyond said date. This construction carries out what we believe to have been the deliberate intention of the parties in the light of the law as it existed when the waivers were signed. The last waiver for the year 1918 was dated July 1, 1925, and that for the year 1919, January 18, 1926. On those dates the Revenue Act of 1924 was in effect. It provided in section 274 (a), 43 Stat. 297 (26 USCA § 1048 note), for notice of a deficiency, and gave the taxpayer sixty days within which to appeal to the Board of Tax Appeals; section 274 (c), 43 Stat. 297 (26 USCA § 1050 note), provided that, if the taxpayer did not appeal, the deficiency should be assessed; and section 277 (b), 43 Stat. 299 (26 USCA § 1057 note), extended the time for assessment by sixty days if a deficiency letter was sent and no appeal taken. The draftsman of these waivers doubtless had in mind the provisions of the existing law, and, believing that no assessment could be made during the sixty days allowed for appeal, deliberately drafted the waiver so as to give at least one day for assessment after the expiration of the time for appeal. Hence we conclude that the construction we ascribe to the waiver accords with the intention of the parties, although this has been somewhat obscured by the change in the law brought about by the Revenue Act of 1926. That enactment amended section 277 (b) of the 1924 act (26 USCA § 1057 (b) so as to permit an assessment to be made within sixty days following the time allowed for appeal. Because of that change, when the time came to send a deficiency notice to the appellant, the taxing officials apparently overlooked or disregarded the terms of its waiver and assumed that a notice mailed on December 31st would give them one hundred and twenty days thereafter for making the assessment. If the terms of the waiver are to govern, the assessment on March 19, 1927, was plainly too late.

 The government's argument suggests that, regardless of the terms of the waiver with respect to sending a deficiency notice before December 31st, the statute in effect on the date the notice was sent must determine whether it was timely, and, if timely, the effect to be accorded it in tolling the period of limitation for making the assessment. Section 277 (b) of the Revenue Act of 1926 (44 Stat. 58, 26 USCA § 1057 (b) provides:

"The running of the statute of limitations provided in this section or in section 278 [sections 1058 to 1062, inclusive], on the making of assessments * * * shall (after the mailing of a notice under subdivision [a] of section 274 [section 1048]) be suspended for the period during which the Commissioner is prohibited from making the assessment * * * and for 60 days thereafter."

During the sixty-day period allowed for appeal following the mailing of a deficiency notice, the making of an assessment was prohibited by section 274 (a) of the 1926 act (44 Stat. 55, 26 USCA § 1048). Hence, if the deficiency letter was timely, the Commissioner had one hundred twenty days thereafter to make the assessment, and his action on March 19, 1927, was lawful. It is argued that the deficiency notice of December 31st was timely because sent within the time permitted by the waiver for the assessment. The Commissioner's authority for sending a deficiency notice is found in section 274 (a), in both the 1924 act (43 Stat. 297, 26 USCA § 1048 note) and the 1926 act (44 Stat. 55, 26 USCA § 1048). In neither act does the section specify when it is to be sent. The implication is clear that, in the absence of a limitation imposed by a waiver agreement, any time before the expiration of the period for assessment will serve. That it may be sent during the period of extension granted by a waiver is plain. Insley Mfg. Co. v. Thurman, 33 F.(2d) 441 (C. C. A. 7); Parish-Watson Co. v. Anderson, 34 F.(2d) 322 (D. C. S. D. N. Y.). But no case has been found which discusses the effect of a limitation in the waiver with respect to mailing the notice. The waiver was given under section 278 (c), which is in the same words in both the 1924 act (43 Stat. 300, 26 USCA § 1060 note) and the 1926 act (44 Stat. 59, 26 USCA § 1060 note), reading as follows:

"Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon."

Read literally, this section expresses no authority for a waiver conditioned on the

Commissioner restricting his statutory right to mail a deficiency notice at any time permitted by the statute. But we cannot think the statute should be read so narrowly. If he secures the taxpayer's consent to an extension of time on a condition that he will send a deficiency notice by a certain date, he should not be allowed to disregard the condition while insisting upon the validity of the extension. In our opinion section 274 (a) does not authorize the mailing of a notice in violation of the waiver agreement. Accordingly, the deficiency notice was not timely, the assessment was too late, and a verdict should have been directed for the plaintiff.

Judgment reversed, and cause remanded.