## WILLIAM C. ATWATER & CO., Inc., v. UNITED STATES.

District Court, S. D. New York.
Dec. 22, 1936.

Supplemental Opinion Jan. 25, 1937.

Hoffman & Knox, of New York City (Leo H. Hoffman, of New York City, of counsel), for petitioners.

Lamar Hardy, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel; David McKibbin, 3rd Sp. Asst. U. S. Atty., on the brief), for the United States.

CAFFEY, District Judge.

I take it (1) that if no bond had been given, the plaintiff would be entitled to recover [William C. Atwater & Co. v. Bowers (C.C.A.) 74 F.(2d) 253]; and (2) that the giving of the bond, being a new promise, would prevent a recovery in event

the bond still be in force. In consequence, as it seems to me, the controlling question is whether the cancellation of the bond by the collector (Exhibit D to the complaint) was valid.

The bond here runs to the United States (Exhibit A to the complaint). I am not satisfied that, with respect to such a bond, either Brewerton v. United States (Ct.Cl.) 9 F.Supp. 503, or United States v. Heinemann Chemical Co. (D.C.) 15 F.Supp. 365, applies to the precise issue involved. On the other hand, I feel that a general principle of the law of the United States with respect to the powers of its officials is controlling.

My impressions are (1) that the bond created an obligation to the government itself, and (2) that, in the absence of express or implied statutory authority, a collector was not authorized to release such an obligation. From the briefs, it does not appear that the court decisions with respect to the authority of the collector, or any other like official of the government, have been fully explored. Time is not available to me myself to make the research. I should like, therefore, to have the assistance of counsel before I finally dispose of the motion. As a starting point, I suggest that they examine the cases referred to in Christie-Street Commission Co. v. United States (C.C.) 129 F. 506.

I shall retain the papers at my chambers and counsel may have until January 4, 1937, for the submission of additional briefs. If that period prove too short for either, they may stipulate for an extension (provided they so inform me) or, in event they cannot agree, I shall be willing to fix another date.

### Supplemental Opinion.

When I prepared my memorandum of December 22, 1936, I was under the impression that the controlling issue is whether the collector was authorized to cancel (or, what presents the same question, to terminate) the bond. If that impression be correct, then I am not persuaded that he was vested, either by statute or by general law, with power to do so. The bond being to the government, as I see it, only one with such power could forego the government's rights thereunder.

Upon examining the additional briefs, however, I have concluded that another issue is involved.

It seems to me that, when all the surrounding circumstances are taken into account, the bond should be construed as implying an extension to August 10, 1928, of time to the petitioner in which to pay the tax in controversy. That condition was not fulfilled. On the contrary, it was flatly violated; demand to pay was made June 6, 1928 (and payment was actually made June 19, 1928). I think the demand was an outright repudiation of the implied condition accorded the taxpayer to have until August 10, 1928, in which to pay.

I think also that from the fact stated it follows that the government's right to rely on the new promise, which came into being by the giving of the bond, as ground for retaining the money despite the running of the statute of limitations, was lost.

In my judgment, holding otherwise would be tantamount to permitting the government to have its cake and eat it too. If the fault of failing to live up to the implied condition of postponement until August 10, 1928, be attributed to the collector, nevertheless, in my view the government has adopted that fault by receiving and retaining the wrongfully exacted money.

The collector took the bond. It was within the range of his duties to collect taxes. When he demanded payment, it was equivalent to duress. Without ascribing to him personal dereliction, what he did was a breach of condition, the equivalent of bad faith, if there was intention to treat the execution and delivery of the bond as a waiver by the taxpayer of the statute of limitations as a defense. If the bond was designed solely for his protection, precisely as in the case of the government, he is not entitled to have his cake and eat it too.

The consequence is the taxpayer should be awarded the relief he seeks.

I feel that it would be useless to indulge in lengthy discussion of authorities, because, so far as my own investigation or the research of counsel has disclosed, there is no governing decision.

Motion granted. Settle order on two days' notice.