Mr. Raymond E. Carper Property Tax Administrator Department of Local Affairs Division of Property Taxation 1313 Sherman Street Denver, Colorado 80203
Dear Mr. Carper:
This is in reply to your letter requesting that our oral opinions, in response to questions concerning the definition and valuation of open space-residential land, be reduced to writing in the form of an attorney general's opinion.
QUESTIONS PRESENTED AND CONCLUSIONS
Pursuant to your request, this opinion is furnished as to the eight questions you ask. These questions and the assumptions which you submitted are considered in the order asked.
1. In X county, tracts of 20 to 30 acres in size, suitable for residential and related purposes, were selling for about $1,000 per acre. However, one-acre residential tracts in the same area were selling for $3,000 each. In determining the taxable value of the larger tracts by the open space formula, should the average price per acre of the larger tracts ($1,000) or the average price of one-acre tracts ($3,000) be used in determining the value of the first acre of the larger tracts?
 In determining the value of the first acre of open space-residential land, the average price per acre of tracts comparable in size, location, desirability, and other aspects should be used pursuant to C.R.S. 1973, 39-1-103(7) and (5) (Supp. 1978). In this case, method A would be used, as the one-acre tracts in method B are not comparable to the large tracts. Significantly, the intent of the open space-residential statutes was to provide for a reduction in the value of open space-residential land, and not to add value as conceivably could be the case when using method B.
2. Assume that the 30-acre tract in example one has a residence on it and that an adjacent 30-acre tract has no residence. Neither tract qualifies as agricultural land.
As we understand the statutes, the tract with a residence qualifies for open space valuation, and using a value of $1,000 for the first acre, the tract would have a total land actual value of $9,250.
The adjacent tract, having no residence, does not qualify for open space valuation, and so would be valued by consideration of the seven valuation factors resulting in an actual value of approximately $1,000 per acre, or $30,000 total. Is this correct?
 Your conclusion is correct. C.R.S. 1973, 39-1-102(7.5) (Supp. 1978) and 39-1-102(12.4) (Supp. 1978) clearly reveal that for land to qualify for valuation as open space-residential a portion of the land must underlie a residence. The valuation calculations you posit accurately reflect C.R.S. 1973, 39-1-103(7).
3. A 6.6 acre tract, which would otherwise qualify as open space-residential land, has two residences located upon it. Does this fact disqualify it from being valued as open space-residential land?
 My conclusion is "yes." C.R.S. 1973, 39-1-102(12.4) (Supp. 1978) states that the "Portion of land used for residential and related purposes" means that portion of land used for open space-residential purposes which underlies a residence and an area not exceeding one acre which encompasses the residence. (emphasis added). The words "a residence" and "the residence" indicate the intention of the general assembly that for land to qualify as "open space-residential," it must have only one residence located thereon. The problems herein and in question 5 could raise difficult equitable issues based on this narrow interpretation. However, in the absence of any standards or guidelines beyond the words "a" and "the" residence, the legislative intent appears to have been to limit the applicability of the open-space provision to land with only one residence thereon.
4. A 14-acre mountain tract has a cabin on it which is used only during the summer by its owner. The cabin has no plumbing and cannot be occupied year around because it is not winterized. Does this tract qualify as open space-residential land?
 Yes. The open space-residential statutes require that there be a residence on land used for open space-residential purposes but there is no requirement that the residence be a primary residence, owner-occupied residence or that the residence be occupied for any particular period of time. Specifically, in C.R.S. 1973, 39-1-102(7.5) (Supp. 1978) "land used for open space-residential purposes" is defined as "land up to thirty-five acres, part of which is used for residential and related purposes and part of which is used for open space . . . ." Accordingly, the land would qualify for open space valuation.
5. Does a 4-acre tract, which would otherwise qualify as open space-residential land, still qualify if:
a. The residence is a duplex in which the owner lives in one unit and a tenant lives in the other unit?
My conclusion is "no." (Please refer to answer 3.)
b. The residence is a four-unit apartment house?
My conclusion is "no."
c. The residence is a condominium?
 My conclusion is "no." Duplexes, apartment houses, and condominium complexes by nature are multifamily. The intent of open space valuation statutes was to provide a reduction in the land value of tracts larger than one acre in size upon which were located single family residences. These were not intended to provide tax relief for owners of multifamily dwellings. In addition, tracts having duplexes, apartment houses, or condominium complexes located on them would have more than one residence per tract. This would disqualify such tracts from open space valuation as was explained in the answer to question number 3.
d. There is a large house and a small house on the tract, and the small house, for a variety of reasons, is used only during the summer months?
 The answer to this question must be qualified. If the small house serves a purpose related to the main residence, the land would still qualify for open space valuation. A purpose related to the main residence would be use of the small house as a summer guest house, or as living accommodations for temporary employees. If, however, the small house serves as a permanent residence completely independent of and not related to the main residence, the land then has more than one residence located on it disqualifying it for open space valuation as was explained in the answer to question number 3.
e. The residence is a mobile home used only in the summer months?
 My conclusion is "yes." A mobile home is defined in C.R.S. 1973, 42-1-102(82)(b) (Supp. 1978) to mean "any wheeled vehicle, exceeding either eight feet in width or thirty-two feet in length, excluding towing gear and bumpers, without motive power, which is designed and commonly used for occupancy by persons for residential purposes, in either temporary or permanent locations, and which may be drawn over the public highways by a motor vehicle."
 A mobile home used as a residence would meet the residential requirements and, as stated in the answer to question 4, there is no requirement that it be occupied for a set period of time.
6. In defining "land used for open space-residential purposes," one statute says "land of up to thirty-five acres." Another statute providing for the valuation of such land states that the one acre used for residential and related purposes shall be valued the same as other non-agricultural land; that the value of each acre up to and including the next four acres shall be 50% of the value of the first acre; and that the value of each acre up to (but less than) an additional thirty acres shall be 25% of the value of the first acre. Thus, the total acreage subject to open space-residential valuation can be up to (but less than) thirty-five acres.
a. Do these statutes mean that only tracts of less than thirty-five acres in size can qualify for open space-residential valuation, or that up to (but less than) thirty-five acres of a larger tract can qualify for open space-residential valuation assuming the other criteria are met?
 Land used for open space-residential purposes is defined as "land of up to thirty-five acres." The words "up to" have been construed by courts as words of inclusion and therefore the definition is constructed to mean the first 35 acres. See, e.g., Stark v. Long, 210 Ky. 68, 273 S.W. 23 (1925); State v. Flutcher, 166 Mo. 582, 66 S.W. 429 (1902); Clarke v. City of New York, 111 N.Y. 621, 19 N.E. 436 (1889). The case law cited above supports the conclusion that the legislature meant the definition in C.R.S. 1973, 39-1-102(7.5) to mean the first 35 acres. For further explanation your attention is invited to the attorney general's opinion of January 11, 1978, copy attached.
b. If the latter is correct, we give the example of an 80-acre tract which is non-agricultural, which has a residence, and the true actual value of the land in 1973 was $1,000 per acre. Under open space-residential valuation statutes we would value the land as follows:
1. Land used for residential and related purposes: 1 acre at $1,000 x 100%= $1,000
 2. Land used for open space: 4 acres at $1,000 x 50%= 2,000 29.99 acres at $1,000 x 50%= 7,498 ______
 3. Actual value of first 34.99 acres= $10,498 ______ ______
 4. Land not subject to open space valuation: 45.01 acres at $1,000 x 100%= 45,010 ______
 5. Total land actual value= $55,508 ______ ______
Is that the correct method of valuing open space-residential tracts which are 35 or more acres in size?
 The example is correct except the first 35 acres rather than 34.99 should be used in computing the value of the land.
7. A taxpayer owns seven contiguous one acre lots in a subdivision. Only one lot has a residence on it. The 1973 level of value is $4,000 per lot, or $28,000.
If these lots could be combined to form a seven acre parcel, the total value under open space-residential provisions would be computed as follows:
1. Land used for residential and related purposes: 1 acre at $4,000 x 100%= $4,000
 2. Land used for open space: 4 acres at $4,000 x 50%= $8,000 2 acres at $4,000 x 25%= 2,000 ______
3. Total land actual value= $14,000
To take advantage of the open space provisions:
a. Does the owner have to combine the small parcels by recorded deed into one large parcel to take advantage of open space valuation, or can the assessor combine these parcels without a deed if they are contiguous and under the same ownership?
 Based upon C.R.S. 1973, 39-5-104, and the absence of any statutory language addressing the question of combining adjoining lots for open space valuation, it is my opinion that the owner, in your example, would be entitled to have the assessor value the adjoining lots collectively to take advantage of open space valuation.
b. If the latter is true, is the combining of such parcels obligatory upon the assessor, or should the assessor make such combinations only upon request?
 In direct response to your question, the assessor is not required or obligated to combine the parcels for valuation. Such combination should be made only at the request of the landowner.
c. Does the owner have to vacate the interior lot lines or take other action which would make it impossible for the owner to sell the separate lots without subdivision approval?
 No, based upon the discussion in response to question 7(a) above.
8. Assuming a parcel of land which qualifies on January 1, 1978 for valuation according to the open space-residential provision. In July 1978, the residence is destroyed by fire, and is not rebuilt. On the following assessment date, the land no longer qualifies as open space-residential land because there is no residence on it, and, therefore, will have a higher value than in 1978. Is this correct?
 My conclusion is "yes." There must be a residence on the land for it to qualify for open space-residential valuation. However, judgment should be exercised. An attempt should be made to determine whether the destroyed residence will soon be replaced or whether there is no intent to replace it.
ANALYSIS
Regarding question #1, assuming a 30-acre tract which sold in 1972 for $30,000, examples of both methods are illustrated below.
Method A — Average selling price per acre of large tracts ($1,000) per acre.
1. Land used for residential and related purposes: 1 acre at $1,000 x 100%= $1,000
 2. Land used for open space: 4 acres at $1,000 x 50%= 2,000 25 acres at $1,000 x 25%= 6,250 ______
3. Total land actual value= $9,250
Method B — Average selling price per acre of one acre residential tracts ($3,000 per acre).
1. Land used for residential and related purposes: 1 acre at $3,000 x 100%= $3,000
 2. Land used for open space: 4 acres at $3,000 x 50%= 6,000 25 acres at $3,000 x 25%= 18,750 ______
3. Total land actual value= $27,750
Regarding question #7A, the statutes establishing open space valuation do not address the issue of combining adjoining lots, tracts or parcels owned by the same person for open space purposes. The only statute dealing with the assessment and valuation of separate but adjoining lots, tracts or parcels owned by the same person is C.R.S. 1973, 39-5-104, which reads as follows:
 Each tract or parcel of land and each town or city lot shall be separately appraised and valued, except when two or more adjoining tracts, parcels or lots are owned by the same person, in which case the same may be appraised and valued either separately or collectively. When a single structure, used for a single purpose, is located on more than one town or city lot, the entire land area shall be appraised and valued as a single property.
It should be noted that the opinion is consistent with the decisions of the Board of Assessment Appeals in this area.See, e.g., McKelvey v. LarimerCounty Board of Equalization, BAA Docket No. 1568;Clair v. Jefferson County Board ofEqualization, BAA Docket No. 1608; and Green v.Chaffee County Board of Assessment Appeals, BAA Docket No. 1739 and 1740.
This opinion, as noted, is based upon the statute. However, the statute creates a "loophole" that the General Assembly may not have intended, and therefore the matter deserves legislative clarification.
The broad intent of the general assembly, in enacting into law the open space-residential statutes was to encourage open space. The 35-acre figure was chosen over a 40 acre figure, which was also considered by the legislature, because of the restrictions of subdividing parcels of less than 35 acres (S.B. 35, 1972 Session Laws of Colorado, at pages 498-507).
It is significant that a separate parcel of land with previously established legal boundaries, such as a subdivision lot or a metes and bounds tract, created prior to the enactment of S.B. 35 concerning the division of lands into sites, tracts, or lots, can be sold and transferred, and is not subject to the restrictions and limitations of S.B. 35.
Regarding question #7b, the statute, C.R.S. 1973, 39-5-104requires each tract, parcel and lot to be separately valued unless they are adjoining and are owned by the same person, in which case, they may be valued "separately or collectively." The statute is silent as to whether the assessor or the landowner decides upon a separate or collective valuation.
SUMMARY
This opinion responds to several questions, submitted by the Property Tax Administrator. The valuation for taxation of open space residential property as provided by H.B. 1452 effective June 20, 1977 (1977 Session Laws, pp. 1728-1739).
I hope the information contained herein will be of assistance to you. There are several provisions of the open space statutes which should be clarified by the General Assembly to assure an easier, more uniform implementation.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE LAND USE
C.R.S. 1973, 39-1-103(5) C.R.S. 1973, 39-1-103(7) C.R.S. 1973, 39-1-102(7.5) C.R.S. 1973, 39-1-102(12.4) C.R.S. 1973, 39-1-103(7) C.R.S. 1973, 42-1-102(82)(b) C.R.S. 1973, 39-5-104
LOCAL AFFAIRS, DEPT. OF Property Taxation, Div. of
This responds to several questions submitted by the property tax administrator. The valuation for taxation of open space residential property as provided by H.B. 1452 effective June 20, 1977 (1977 Session Laws, pp. 1728-1739).