Hon. Margaret R. DeFrancisco Formal Opinion Director, New York Lottery No. 2001-F2 P. O. Box 7500 Schenectady, N Y 12301-7500
Dear Director DeFrancisco:
You have asked whether certain provisions of the Tax Law, which pursuant to an amendment enacted on August 3, 2001, continue in full force and effect until October 15, 2001, when they expire, would be deemed to be in effect throughout the entire day of October 15. In our view, these provisions would remain in effect throughout that day.
You have indicated that pursuant to Part NN of Chapter 118 of the Laws of 2001, certain sections of the Tax Law pertaining to the Quick Draw lottery game were extended for a definite period of time. Specifically, the statute indicates that the relevant provisions "shall continue in full force and effect as they existed on March 31, 1999 until October 15, 2001, when upon such date they shall expire and be repealed." Law 2001, ch 118, part NN.
The primary issue concerns the meaning of the statutory term "until" in this context. It is generally recognized that when it refers to a definite time period, the term "until" is ambiguous and can be either exclusive or inclusive of the date or event specified. See Sugarman v.Jacobs, 160 App. Div. 411 (2d Dep't 1914) (collecting cases); McKinney's Cons. Laws of N.Y., Book 1, Statutes, § 235; 52 Am. Jur. 2d, Time, § 23.
Because the term is susceptible of two meanings, its intended meaning must be determined from the context and purpose of the statute. See
McKinney's Cons. Laws of N.Y., Book 1, Statutes, § 235. Early New York case law stated that the exclusive meaning of this term is the "more obvious meaning," but recognizes that "a very slight matter in the context would be sufficient to give it a different and inclusive sense."People v. Walker, 17 N.Y. 502, 503 (1858); accord Clarke v. Mayor,111 N.Y. 621 (1889); see also People v. Fitzgerald, 180 N.Y. 269, 274
(1905) ("While `until,' as an adverb of time, is usually a word of exclusion, it always includes the date which follows, when the connection and manifest intention so require.").
Consequently, the Court of Appeals has interpreted statutory language referring to an event occurring until a date certain as either excluding or including the named date, depending on the context of the statutory language. For example, in People v. Walker, the Court construed language in a statute continuing a bank charter "until the 1st day of January, 1850" as meaning that the bank's corporate existence ended with December 31, 1849, because this construction reasonably ended the corporate structure at the close of the legal year and avoided a construction whereby the bank would have a corporate existence of only one day in the new year. See 17 N.Y. at 503. Similarly, a statute requiring that tax assessment books be kept open "until the first day of May in each year" was construed to specify a period through April but not longer, where the statute further provided that the books would be closed "on said last mentioned day" to allow the preparation of assessment rolls. See Clarkev. Mayor, 111 N.Y. at 623. The context demonstrated the Legislature's intention that on the last day specified, May 1st, the assessment rolls would be devoted to another use and no longer open to public inspection.See id. The Court of Appeals likewise found the context determinative inPeople v. Fitzgerald, in which the Court construed a charter directing that judicial appointees would hold office until the 31st day of December of specified years to mean that the appointment continued through December 31st. See 180 N Y at 274. There, the context required an inclusive meaning of the word "until" to avoid an awkward construction whereby the new term of public office would exclude only one day of the old year. See id.
Here, the context and statutory language of Part NN of Chapter 118 weigh in favor of construing the term "until" as continuing the relevant Tax Law provisions in effect through October 15, 2001, rather than through the end of the day on the 14th. First, the language of Part NN as a whole provides some evidence that the 15th is included in the period during which the current authorization is effective. As indicated, the language continuing the provisions in force and effect until October 15, 2001 is followed by the phrase, "when upon such date they shall expire and be repealed." The qualifying clause thus contains a reference to a specified time (upon such date) and also indicates a future context (shall expire). The phrase "upon such date" clearly refers to October 15. Thus, the qualifying phrase indicates that the current provisions expire on (not before) that date.
Similar references have been held to specify an inclusive meaning of the term. For example, in Remington-Rand, Inc. v. United States, 57 F.2d 1069
(D.Del. 1932), aff'd on opn below, 62 F.2d 1078 (3d Cir. 1933), a tax waiver extending the limitations period on the tax assessment until December 31, 1925, was construed to include the 31st, in part because the specified date was followed by the words "and shall then expire." This subsequent language was interpreted as clarifying that the waiver did not expire until the specified date and was valid through that date. See
57 F.2d at 1070; see also State ex rel. Birdzell v. Jorgenson, 25 N.D. 539,142 N.W. 450 (1913) (relying on qualifying language indicating a clear future context to construe "until" as including the specified date). The reference here to expiring "upon such date" would similarly indicate that the specified date was intended to be included in the authorized period.
This construction is confirmed by the context of Part NN's enactment. Other parts of Chapter 118 of the Laws of 2001, using various prefatory language, continue certain other provisions of law and also reference October 15, 2001 in connection with the expiration date of those provisions. See Laws 2001, ch 118, part MM, part OO, §§ 1-4. This is strong evidence that the Legislature intended that all of these laws would expire at the same time, on October 15, 2001, allowing the Legislature to return on that date, a Monday, to consider further extensions of all of these provisions.
Interpreting the amendment to continue through October 15 also comports with an apparent judicial trend toward treating the inclusive meaning of "until" as the presumptive or more commonly used meaning. Other state high courts have recently eschewed the traditional presumption of an exclusive meaning in favor of a presumption that the specified date is to be included, unless the context indicates a contrary intent. See, e.g.,Barnes v. Gideon, 224 Kan. 6, 11, 578 P.2d 685, 689 (1978); Henderson v.Edwards, 191 Iowa 871, 875-76, 183 N.W. 583, 585 (1921).
Finally, it follows from this conclusion regarding the proper construction of the term "until" that the existing authorization will be in force and effect throughout the entire day of October 15, 2001, until midnight of that date. The general rule is that a statutory reference to a calendar day includes the time from midnight to midnight. See General Construction Law § 19; Matter of Garelick v. Rosen, 274 N.Y. 64, 68
(1937) ("In the absence of an express limitation, the law does not take notice of a fraction of a day." (citing General Construction Law § 19
and holding that insurance contract provision extending the policy to expire on a certain day had the effect of extending the policy for that full day)).
We also note that as a general rule, a legislative enactment is deemed to be in effect from the beginning of the day on which it becomes effective. See Croveno v. Levy, 150 N.Y. 225 (1896); McKinney's Cons. Laws of N.Y., Book 1, Statutes, § 42. Under this rule, if legislation extending the expiration date were enacted and approved on October 15, 2001, the new authorization would be considered effective from the beginning of the day on the 15th. Thus, even if the current authorization were interpreted as continuing only until the end of the day on the 14th, application of this rule would mean that once the new statute was actually enacted and approved it would be considered to have been in effect throughout the 15th, leaving no gap in authorization of Quick Draw.
Very truly yours,
ELIOT SPITZER, Attorney General