CARL HENDERSON, Appellee, v. J. J. EDWARDS, Appellant.

**NEW TRIAL:** Newly Discovered Evidence—When Error to Refuse New
1   Trial. Reversible error results from refusing a new trial on a showing of newly discovered evidence:
1.   Which is not merely cumulative or impeaching;
2.   Which presents material facts germane to the issues;
3.   Which, with the former testimony, would justify a different verdict; and
4.   Which the applicant had no reason to believe existed when the former trial was had.

**TIME:** Computation—''Until.'' ''Until'' a certain day includes said
2   day. In other words, an order of court giving a party ''until'' a

certain day to do a named thing gives the party the right to do said thing on and during said day, unless the contrary intent is reasonably clear. So held as to an order for time in which to file motion for new trial.

*Appeal from Union District Court.*—H. K. EVANS, Judge.

JUNE 25, 1921.

ACTION at law to recover $1,200 as commission or bonus for services by plaintiff in the sale of the defendant's farm. Verdict of the jury finding for the plaintiff, and judgment entered accordingly. Defendant appeals.—*Reversed.*

*Higbee & McEniry,* for appellant.

*L. J. Camp,* for appellee.

DE GRAFF, J.—It is the claim of the plaintiff that, during the month of July, 1919, he entered into an oral contract with the defendant whereby it was agreed that, if plaintiff found a purchaser for defendant's 240-acre farm in Union County, Iowa, defendant would pay him a commission of $2.00 per acre and one half of any sum obtained over the price of $150 per acre. Plaintiff sold the farm in question for $160 per acre, and was paid a commission of $2.00 per acre. Defendant denied that there was any other or different agreement than to pay plaintiff a commission of $2.00 per acre, and refused to pay the bonus claimed by plaintiff. .

1. NEW TRIAL: newly discovered evidence: when error to refuse new trial.

There is no occasion to make a detailed statement of the facts of this case, as there is but one error relied upon for reversal, which involves the correctness of the ruling of the trial court in denying defendant's motion for a new trial. The motion for new trial was filed on the 20th day of September, 1920, and was supported by affidavits. The primary ground of th motion is newly discovered evidence.

It is undisputed that the conversations to which we will presently refer were not called to the attention of the defendant prior to the trial. The three affiants upon whose testimony de-

fendant relies in support of his motion respectively state that the admissions of plaintiff contained in the affidavits were not previously called to the attention of the defendant or of any other person. It may not be said that there was a lack of diligence on the part of defendant in discovering this evidence prior to the trial. A litigant may have opportunities to inquire, but there must be something which suggests to him the propriety of making such inquiry; otherwise he would be compelled to send a questionnaire to all persons within the area of probable knowledge who might have some information concerning the facts in dispute.

A party to a suit may not be accused of a lack of diligence when he possesses no means of knowing that the evidence subsequently discovered was previously obtainable. *State v. Lowell*, 123 Iowa 427.

The right to a new trial on the ground of newly discovered evidence is statutory, and a ruling upon the motion involves legal discretion, and, ordinarily, the ruling of the trial court will not be disturbed on appeal unless a reasonably clear case of abuse of discretion is presented. *Mullong v. Mullong*, 178 Iowa 552.

Code Section 3755 provides:

"The former report, verdict or decision, or some part or portion thereof, shall be vacated and a new trial granted, on the application of the party aggrieved, for the following causes affecting materially the substantial rights of such party: * * *

"(7) Newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial."

If it can be said that, in all probability, the newly discovered evidence will not affect the result in case of a second trial, then the motion should be denied. If the proffered evidence presents material facts germane to the issue in controversy, which, considered with the evidence presented on the trial, might cause a jury to take the other view, then the motion should be sustained. *Dobberstein v. Emmet County*, 176 Iowa 96. True, this is speculative, but nevertheless the rule stated is a reasonably safe guide.

Is the evidence offered in support of the instant motion

merely cumulative or of an impeaching character only? If it is within either class, then it is not within the purview of the statutory rule. *City of Des Moines v. Frisk,* 176 Iowa 702.

Turning, for a moment, to the affidavits filed, it is disclosed that one Walter Stevens had a conversation with the plaintiff during the autumn of 1919 concerning the sale of the farm in question; that in said conversation plaintiff told the affiant that he had sold the Edwards farm, and that Edwards had agreed to pay him the sum of $480 if the farm sold for $160 per acre, and that he had been paid that sum; that, in substance, plaintiff said that the sum of $480 was payment in full as compensation, and that the money would do him no good, for he had lost it in a crap game near Macksburg.

The affidavit of F. L. Blair discloses that the affiant had a conversation with the plaintiff about January 21, 1920, and that the plaintiff at said time stated that he had sold the Edwards farm, and had made $480 by obtaining a purchaser; that said sum was more money than he had ever made in his life in one day; that plaintiff led him to believe that $480 was the total compensation for selling the farm, and that the deal was fully completed, and that plaintiff had received all the compensation to which he was entitled in said transaction.

The affidavit of C. E. Meyers discloses that he had a conversation with plaintiff about July 1, 1919, at Afton; that the plaintiff said that he had sold the 240-acre farm of Josh Edwards; that he had made $480 on the deal; that he had collected the said sum; and that the plaintiff then produced a paper, saying that it was payment in full of the money he had made for selling said farm; and affiant was led to believe that the $480 was his total compensation in the sale of said farm, and that said sum represented full settlement for making such sale.

No witness upon the trial testified that plaintiff had said or indicated that the commission paid, in the sum of $480, was in full settlement. It is difficult at times to note the line of demarcation between evidence that is purely cumulative and evidence which presents new facts for the consideration of the jury on the point in issue. The affidavits in question refer to other and different conversations than those testified to by any witness, and recite facts which were not established by the

testimony offered upon the trial. It cannot be said, therefore, that the newly discovered evidence is merely cumulative. *Means Bros. v. Yeager,* 96 Iowa 694; *Bullard v. Bullard,* 112 Iowa 423; *Murray v. Weber,* 92 Iowa 757; *Feister v. Kent,* 92 Iowa 1.

Neither may it be said that the evidence offered in support of the motion for new trial tends simply to impeach the plaintiff. Incidentally it may impeach, but testimony offered by defendant in explanation or in contradiction of plaintiff's testimony generally possesses the flavor of impeachment. From a careful consideration of the newly discovered evidence tendered by the defendant, we are constrained to hold that the motion should have been sustained.

One further and vital objection is made by appellee that the motion for new trial was not filed within the period of time provided by order of court. It is insisted that the language of the order extending the time "until September 20th to file exceptions to verdict, motion in arrest of judgment, and for a new trial," excluded the date named in the order, and that the time for filing expired at the close of the day preceding that date.

**2. TIME: computation: "until."**

The word "until" is an ambiguous term, and may be construed as either inclusive or exclusive of the day mentioned, according to the true intent and the subject-matter of the instrument in which the word is used. *Proudman v. Mellor,* 4 H. & W. (K. B.) 124.

The word "until" may have an exclusive effect, as indicated and to be determined by the context, the intent of the parties, or the legislative intent expressed in the statute. *Webster v. French,* 12 Ill. 302; *Richardson v. Ford,* 14 Ill. 332; *Alston v. Falconer,* 42 Ark. 114; *People v. Crissey,* 91 N. Y. 616; *Clarke v. Mayor,* 111 N. Y. 621.

In *Carver v. Seevers & Bryan,* 126 Iowa 669, it is said:

"When time is given until a day named, 'until' is ordinarily exclusive in its meaning, and will be so construed unless it be shown by the context or otherwise that the contrary was intended."

We cannot accept this pronouncement, and we overrule this decision, in so far as this principle is concerned. Ordinarily, the word "until" is inclusive in its meaning, and will be so

construcd unless it be shown by the context or otherwise that the contrary is intended.

The cases are not in harmony. See *Corbin v. Ketcham,* 87 Ind. 138. Many of the decisions are ruled by the intent and the context, which explains the apparent variance. Under a Vermont statute, a tender may be made at any time ''until three days before the commencement of the term'' to which the action is returnable. It is held that the intention is to exclude from the period in which the tender may be made the three days next preceding the commencement of the term, and that the first day of the term, therefore, cannot be counted. *Willey v. Laraway,* 64 Vt. 566.

The record before us discloses that September 19th was Sunday. We must presume that the trial judge knew this, and that it was not intended that the motion for new trial should be filed by defendant on or before September 18th. Under the circumstances of this case, we think the contemplation of the order providing a time ''until'' a certain date within which to do the act includes the date named, as the close of the period prescribed. In other words, the order does not have an exclusive effect.

The weight-of-authority rule clearly supports the doctrine that, when an order of court gives a party litigant ''until'' a certain date to file a motion or pleading, the order contemplates the inclusion of the day mentioned, unless the intent or context is reasonably clear to the contrary. See *Rogers v. Cherokee I. & R. Co.,* 70 Ga. 717; *Board of Com. v. Dart,* 67 Ga. 765; *Kerr v. Jestoin,* 1 Dowl. Practice Cases (N. S.) 538; *Consolidated K. C. S. & R. Co. v. Peterson,* 8 Kan. App. 316 (66 Pac. 673); *Delorme v. Ferk,* 24 Wis. 201; *St. Louis & S. F. R. Co. v. Gracy,* 126 Mo. 472; *Houghwout v. Boisaubin,* 18 N. J. Eq. 315; *Gottlieb v. Wolf Co.,* 75 Md. 126; *Penn Placer Min. Co. v. Schreiner,* 14 Mont. 121.

This appeal involves the right of appellant to have a reasonable opportunity to offer upon another trial evidence of plaintiff's admissions relative to the only issue in controversy, and to permit a jury to decide the cause in the light of the evidence discovered since the former trial. Justice requires that

this opportunity should be granted, on the showing made by appellant. Wherefore, this cause is—*Reversed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.