SIMPSON COLLEGE, Appellant, v. EXECUTORS L. M. MANN ESTATE, Appellees.

**TRIAL: Reception of Evidence—Reopening Case—Unjustifiable Refusal.**
A cause should be reopened for the reception of additional testimony which the court has throughout the trial held unnecessary, *but on account of the absence of which* the court finally renders judgment against the party who was under a duty to produce such testimony.

Headnote 1:  38 Cyc. pp. 1361, 1363, 1368.

Headnote 1:  26 R. C. L. 1042.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

March 15, 1927.

An action to establish a claim.  From a directed verdict in favor of the defendant plaintiff appeals.—*Reversed.*

*A. V. Proudfoot* and *Ed R. Brown*, for appellant.

*Wilson & Shaw*, for appellees.

Albert, J.—On the 14th day of June, 1923, one L. M. Mann signed a subscription blank to an endowment fund then being raised, known as the "Simpson-Wesley Development" fund, in the amount of $1,000.  This pledge was to be binding in event that the sum of $2,000,000 should be subscribed before June 20, 1923.  It also had certain other conditions, which, as we view the case, are not material for further consideration.  Mann died, and this claim was filed, and was disallowed by the executors of the Mann estate.  In an answer filed by the Mann estate, in addition to the statutory denial, the estate specially denied that the signature to said $1,000 pledge was the genuine signature of L. M. Mann, and denied that the claim had matured under the provisions of the contract.  On the trial of the case, the original pledge was produced and identified by the treasurer and business manager of Simpson College, who was also treasurer of the "Simpson-Wesley Development" fund.  After the same had been identified, it was offered in evidence, and objected to.  The court inquired:

"I didn't understand the identification of this note.  Is it signed by this party?"

Counsel for claimant responded:

"No, I am offering the note itself, and the question of the signature is a matter for the defense."

Objection was overruled.  Claimant then rested.  Appellees then made a motion to direct a verdict in their favor, among the grounds of which is that "there is no testimony in the record to show that Exhibit A [the pledge in controversy] was ever executed."  This motion was overruled by the court.  Appellees then rested.  Among other provisions of the contract was one that the pledge was not to be of any validity until the executive committee of the Simpson-Wesley Development found and de-

termined that $2,000,000 had been subscribed. A failure on the part of the claimant to make such showing was also a ground of the motion to direct. Whereupon, claimant asked permission to reopen the case for the purpose of introducing such testimony. After some controversy between counsel, court adjourned from Thursday until Monday; and on Monday morning, counsel for appellant withdrew his application to reopen the case, and then filed a motion to direct a verdict in favor of claimant; and on inquiry, claimant's counsel said that they had no further testimony to introduce. Whereupon, appellant's counsel asked that his motion to direct be made to follow the above statement as to introduction of further testimony. The respective parties then argued their motions to direct, and the court overruled appellant's motion for a directed verdict. Whereupon, appellant asked leave to introduce additional testimony on behalf of the claimant. The court in its discretion reopened the case, and overruled defendants' motion to direct a verdict. The claimant then introduced testimony to show that the proper executive committee had found that the $2,000,000 had been subscribed within the prescribed time. Whereupon, claimant rested, and the defendants rested. Appellees then renewed the motion to direct a verdict on all grounds specified in the first motion to direct a verdict, and appellant moved the court for a directed verdict, both of which motions were submitted. The court then remarked that it was incumbent upon the plaintiff to establish the genuineness of the signature to the note, and the motion of the defendants for a directed verdict was sustained. Whereupon, claimant again asked to have the case reopened, so that it might be permitted to introduce testimony as to the genuineness of the signature of L. M. Mann to the note in question. Objection was made to this, on the ground that the court had already directed a verdict for defendants, and the application was too late. Claimant was denied the right to have the case again reopened. Hence this appeal.

The right to have a case reopened for the purpose of offering additional testimony is not an absolute right. Section 11505, Code of 1924. Many cases have been decided in this court, holding that this is a privilege wholly within the discretion of the district court, and that a ruling thereon will not be reversed unless the discretion has been abused by the district court. Ci-

tation of authority is of little aid on this question, because the records in no two cases are exactly alike. We have, on numerous occasions, reversed for refusal of the court to permit additional testimony, and equally have approved rulings of the court in refusing to allow additional testimony, each ruling depending upon the peculiar circumstances of the case.

At the inception of the trial of this case, when the pledge was offered in evidence, objection was made, and in the motion for a directed verdict filed by appellees, attention is called to the fact that no evidence had been introduced proving the signature of L. M. Mann. This proposition was called to the attention of claimant's counsel at the threshold of the case, and he insisted that that was wholly a matter for the defense. While it is true that the claim which was introduced in evidence was not veri-fied, the general rule is that, where suit is brought upon a writ-ten instrument, with a copy attached to the pleadings, the sig-nature is deemed to be genuine and admitted unless specifically denied. This rule, however, has no application to claims filed in estates. In *In re Estate of Chismore*, 166 Iowa 217, in discus-sing such a situation, we held, not only that the denial need not be sworn to, but that the statutory denial put in issue the gen-uineness of the signature. It is therefore true that in this case the burden of proof was on the claimant to establish the gen-uineness of the signature of L. M. Mann, and, since it failed so to do, a directed verdict in favor of the estate was proper.

The claimant, however, insists that it tendered testimony to prove this signature, and that the court refused to reopen the case. A large part of the record has been heretofore set out, to the end that this situation might be fully understood.

It will be noted from the foregoing recitation of the record that, at the time appellant offered the note in evidence in the first instance, the question of the genuineness of the signature was raised as an objection to its admission in testimony. The court overruled this objection; and, while there was some talk between the attorneys in court about the genuineness of the sig-nature, the ruling thus made by the court would lead appellant to believe that the court was holding as contended by it on this question; and while, in the subsequent trial of the case, the ques-tion was raised, the court never receded from this ruling until he sustained the motion for a directed verdict for want of this

evidence. While the question is very close to the line, we are disposed to hold that the court, not having intimated a change of the ruling first made in the case, until he pronounced his ruling on the motion to direct, should have permitted the appellant to introduce the testimony, then said to be present in court, on the question of the genuineness of the signature to the instrument.—*Reversed.*

EVANS, C. J., and STEVENS and DE GRAFF, JJ., concur.

MORLING, J., not participating.