A. O. SCHIPFER, Appellant, v. E. V. STONE et al., Appellees.

MARCH 13, 1928.

REHEARING DENIED JUNE 26, 1928.

*Cross & Hamill* and *Struble & Stiger,* for appellant.

*Nichols, Nichols & St. Clair* and *Thomas & Thomas,* for appellees.

DE GRAFF, J.—The two notes in suit are for $1,000 and $2,000, respectively. Each is dated November 15, 1919, and payable on or before December 1, 1920. The notes are payable to the "order of the. Gibford Chemical Company," and each note bears the indorsement "The Gibford Chemical Company by R. B. Gibford." The notes were transferred to a bond and mortgage company by said indorsement, and were by said company transferred before maturity to the appellant, without further indorsement.

The answering defendants, as makers of the notes, pleaded fraud and misrepresentation at the time the notes were executed, including, *inter alia,* that the original payee, the Gibford Chemical Company, was represented to be "then and there a corporation organized under the laws of the state of Iowa, with its principal place of business in the city of Newton, Jasper County, Iowa." The evidence abundantly shows that said representation was false.

The plaintiff-appellant admits, in his written brief and argument in this court, that there is "no controversy over the question of fraud. Without doubt, and without controversy in the record, the notes had been procured in the first instance by the fraud of Gibford and his agents." There is evidence that the Gibford Chemical Company was simply a trade name used by Gibford, and the trial court, in an instruction to the jury, stated, in effect, that the makers of the notes were not precluded by

their knowledge of the trade name (Gibford Chemical Company) from setting up the fictitious nature of the payee, if they relied upon fraudulent representations of Gibford or his agents that the business had been taken over by a corporation of that name; in other words, that this reliance was a question for the jury.

Further, the jury was specifically told in an instruction that:

"If you find from the evidence that, at the time of the execution of the notes in suit, that it was represented to the defendants that the Gibford Chemical Company was an existing corporation of that name, and that they believed such representations to be true, and acted upon them in the execution of the said notes, when in fact, at the time of the execution of said notes, no such corporation existed, then there could be no valid transfer of the said notes by the indorsement made, and the plaintiff could not become a holder in due course, pursuant to the indorsement or delivery by Gibford."

Of this matter we will have occasion to speak later.

I. Witnesses for the appellees, in testifying to the circumstances under which the notes were given, were permitted, over objection, to state that, at the time of the giving of the notes, the makers thereof were told by the party procuring said notes that they would never be converted into cash, and that the makers would never have to pay them, and that they were not given for said purpose. It is contended that the court erred in admitting this testimony, and appellant invokes the parol-evidence rule with respect thereto. The evidence was admissible, as tending to sustain the contention of the appellees as to the alleged fraudulent representations that were made at the time the notes were executed, and which it is contended induced the making of the said notes.

Fraud is the specific ground of defense, and consequently the alleged parol agreement was admissible, as forming a part of the pleaded fraudulent representations. The parol-evidence rule does not bar testimony of this character. This principle is well recognized. *Dowagiac Mfg. Co. v. Gibson*, 73 Iowa 525; *McNight v. Parsons*, 136 Iowa 390; *Good Roads Mach. Co. v. Ott*, 186 Iowa 908.

II. Another defensive plea was that it was falsely and

fraudulently represented to the appellees that the payee in said notes, the Gibford Chemical Company, was a corporation organized under the laws of the state of Iowa. The appellees, upon the trial of this cause, testified, in substance, that such representation was made to them, and that they believed the same at the time of signing the notes. The evidence in the case was closed upon the adjournment of the court one afternoon, and both parties rested. When the court convened on the following morning, the appellant asked leave to reopen the case. It was recited in the motion of the appellant that two of said appellees had formerly appeared before the grand jury, and had given testimony to the effect that it had not been said to them, at the time of the signing of the notes in question, that the Gibford Chemical Company was a corporation, and that the said testimony before the grand jury was reduced to writing and subscribed by the witnesses.

It also appeared that, during the trial of the case, a diligent search had been made to locate the said statements given before the grand jury, which had been filed, with other papers connected therewith, in the office of the clerk of the district court. The search had been unsuccessful; and later in the evening of the day on which the parties rested, the clerk discovered a receipt that had been given for said papers by an attorney who resided at Tama, Iowa. Telephone communication with the attorney caused him to search for the papers, and he discovered them, and said papers were produced and delivered to counsel for the appellant shortly before the reconvening of the court on the following morning.

The request of the appellant to reopen the case for cross-examination of these two witnesses in connection with said statements which were then in the hands of counsel for the first time, was made promptly upon the opening of court. This request was denied. It is the rule that a matter of this kind must, of necessity, rest largely in the discretion of the trial court. Cases must be tried expeditiously. The proverbial "law's delay" should be avoided as much as is consistent with the proper administration of justice. Due diligence must always be shown, where an application is made to reopen a case for the introduction of further testimony. It is apparent that appellant's

counsel did use due diligence to discover the evidence which he sought to introduce. He went to the place where the statements were lawfully required to be kept. The clerk was unable to find them in such place, and the records in the office failed to disclose where the papers were. It was only by continued and diligent search that the clerk was able to discover a receipt for said papers, which disclosed that they had been withdrawn from their proper repository. Prompt efforts were made to secure their possession, and they were returned, and came into the custody of counsel for the appellant but a short time before reconvening of court. Request was made forthwith to reopen the case for the purpose of further cross-examination, to lay the groundwork for impeachment. The examination covering this one subject-matter could have been conducted in a very few moments. It was a very material part of the case. It had to do with one of the essential representations relied upon by the appellees. In the light of the circumstances, we are constrained to hold that the trial court abused its discretion by denying to the appellant the right to reopen the case and permit the witnesses to be recalled for examination as to the matter in issue. The showing of materiality was sufficient, and likewise the showing of diligence on the part of the appellant. The trial court erred in denying the application of the appellant.

III. The appellant moved the court for leave to open and close the argument. This the trial court denied. It should have been granted. *Louisa County Nat. Bank v. Burr*, 198 Iowa 4. Section 11487, Code of 1924, by express terms, gives the right to the party having the burden to open and close the arguments. It is true that a large discretion is allowed the trial court in determining on whom the burden of proof rests, and unless such discretion is abused, and prejudice appears, a reversal will not result; and in the instant case, if this were the only error upon which a reversal is predicated, we would not reverse.

IV. Appellant complains of the failure of the court to instruct the jury that it was essential for the appellees, in order to recover, to establish, not only the defense of fraudulent representation, but also a rescission or a total failure of consideration. The rule of law is admitted by the appellees, but it is contended that, inasmuch as the appellees pleaded a rescission, and

the undisputed evidence shows that there was a rescission and a total failure of consideration, it was error without prejudice for the court not to instruct the jury on such subject. We are of the opinion that, under the record in this case, rescission having been pleaded and conclusively shown, the failure to give the jury an instruction on the subject of rescission cannot be deemed to be prejudicial to the appellant.

V. The court told the jury, in an instruction, that one of the questions to be determined was whether or not the instruments in suit were complete and regular on their face. Appellant contends that it was error to so instruct, for the reason that the instruments themselves were complete and regular on their face, and that there is no controversy in regard thereto. No error can be predicated upon the giving of the instruction in the form in which it was given. The same thought was embodied in an instruction requested by the appellant, and in any event, the jury could not have been misled to appellant's prejudice by the instruction that was given, under the undisputed evidence.

VI. Appellant complains of the failure of the court to give a requested instruction on the question of what constitutes a holder in due course. All the necessary elements of the request were embodied in the instructions that were given, and it was not error to refuse to give the same in the language of the requested instruction.

VII. One of the defenses argued (but not pleaded) is that the payee in the notes, the Gibford Chemical Company, was a fictitious or nonexistent payee, and that the makers did not  know, at the time of the execution of said notes, that the said payee was fictitious or nonexistent. It must be conceded that appellees had the right to show that the Gibford Chemical Company, through its agents, falsely and fraudulently represented that it was a corporation, and, if the representation as alleged was material, it amounted to fraud, and would constitute a good defense to the notes in any person's hands except a holder in due course.

The question at this point involves the alleged fraud of the Gibford Chemical Company, and not the fictitious character of the payee. In passing, it may be said that the appellees (makers) neither pleaded that the payee was fictitious nor that they

(makers) did not know that such was the character of the payee. The defense is an affirmative one, and must be pleaded. *Weishaar v. Pendleton*, 73 Ore. 190 (144 Pac. 401). In the absence of an affirmative plea in this particular, we deem it unnecessary to rule the proposition advanced and argued by the parties,— especially for the reason that the cause is reversed and remanded for retrial. We are of the opinion that the appellees should not be precluded at this point in this matter at this time.

The judgment entered is—*Reversed.*

STEVENS, C. J., and ALBERT, MORLING, and KINDIG, JJ., concur.