BENDER v. BENDER.

DIVORCE—APPEAL AND ERROR—PROPERTY SETTLEMENT—WIFE NOT
  ENTITLED TO REVIEW DECREE ON GROUND OF FRAUD IN PROPERTY
  SETTLEMENT WHERE NO FRAUD OR UNFAIRNESS SHOWN.
    Leave to file a bill of review of a divorce decree after the
      period for presenting a bill as of right had expired, on
      the ground that the property settlement incorporated in
      the decree had been procured by fraud, was properly denied,
      in the absence of evidence of fraud in procuring the settle-
      ment, or that it was unfair to plaintiff, both of which
      should have been shown to entitle her to relief.

Appeal from Wayne; Jayne (Ira W.), J.   Sub-
mitted April 6, 1928.   (Docket No. 60, Calendar No.
33,449.)   Decided June 22, 1928.

Petition by Georgianna H. Bender against Frederick
P. Bender for leave to file a bill of review in divorce
proceedings.   From an order denying the petition,
plaintiff appeals.   Affirmed.

*Baubie & Baubie,* for plaintiff.

*George T. Cartwright,* for defendant.

FEAD, C. J.   This is a petition for leave to file a
bill of review of a decree of divorce, entered June 30,
1925, upon the claim that the property settlement in-
corporated in the decree was obtained by fraud, the
period for presenting a bill as of right having ex-
pired.   The claim of fraud is that during the time
the parties lived together defendant falsely repre-
sented that he had sold a farm and six lots, for the
conveyance of which plaintiff signed instruments, and
that he did not afterward disclose to her that the sale
of the farm had not been consummated, that the con-

veyance of the lots was only as security for a loan, and that defendant continued to own the properties. Plaintiff said the value of such property was $22,000. Defendant stated the value as $16,000, and testified that plaintiff knew of the failure of the sale and the security character of the conveyance of the lots and he did not deceive her.

The parties were married some three and a half years. From two prior matrimonial ventures plaintiff had accumulated property worth $40,000. Defendant was worth $30,000, in the accumulation of which plaintiff did not help. The preponderance of the testimony is that the settlement awarded plaintiff about one-third of defendant's property. The decree was not unjust.

When the decree was presented for signature, the court questioned plaintiff closely about the settlement and inquired whether it was satisfactory to her. She stated to the court that she did not know what property defendant had, nor the amount of his income, that she had never been told what property he owned, and that she was satisfied with the settlement, if she could be divorced from him, without any further investigation of his income or property. The evidence does not show that, in the negotiations leading to the settlement, any sort of a valuation of defendant's property was made or considered nor that division was made upon any basis of its computed or assumed value nor that defendant misrepresented, concealed, or failed to disclose his holdings. To justify the setting aside of the property settlement would require establishment of fraud in its making and injustice in its terms. Neither has been shown.

The order denying leave to file a bill of review is affirmed, with costs to defendant.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.