238 P.2d 430

**FREDRICKSEN et ux. v. LUTHY.**

No. 7738.

Supreme Court of Idaho.

Nov. 26, 1951.

166

Leonard O. Kingsford, Rexburg, for respondents.

THOMAS, Justice.

Elizabeth Blackshaw was visiting in Salt Lake City, Utah, in the month of June, 1949. She had previously resided there. The plaintiffs at that time were residing in Salt Lake City, Utah.

It is contended by the plaintiffs that the plaintiff Hazel Fredricksen entered into negotiations with Elizabeth Blackshaw in

Salt Lake City, Utah, on June 15, 1949 to purchase certain real property belonging to Elizabeth Blackshaw. The property was located in Rexburg, Idaho; it is further the contention of the plaintiffs that on that date it was agreed that the purchase price for the property would be $2,520 and that the plaintiffs made a down payment on that date to Elizabeth Blackshaw of $500 and took a signed receipt therefor from seller; it is further contended by plaintiffs that thereafter and on the 29th day of June, 1949, at the home of the plaintiffs in Salt Lake City, Utah, in the presence of Mrs. Fredricksen and her daughter, Edith Herrington, the balance of the purchase price was paid and a signed receipt therefor given by Elizabeth Blackshaw; likewise it is contended that at the same time and place, in the presence of Edith Herrington, Elizabeth Blackshaw signed a memorandum agreement prepared by Mrs. Fredricksen in duplicate, a carbon copy of which was introduced in evidence and is as follows:

"June 29, 1949

"I have received the sum of Twenty five hundred twenty dollars from Albert C. and Hazel Fredricksen as payment in full for my property located at 172 North 1st East, Rexburg, Idaho consisting of three room house and 100 ft. corner lot. I agree to vacate this property and furnish clear title to same within six months time.

"signed

"Elizabeth Blackshaw
172 – N – 1st East
Rexburg, Idaho."

Later Elizabeth Blackshaw returned to her home in Rexburg, Idaho, where she died on the 13th day of September, 1949; the defendant was duly appointed administratrix of her estate.

Mrs. Fredricksen had never been in Idaho until after the purported agreement was made. On or about October 28, 1949, she came to Rexburg, Idaho and instituted an action in the Probate Court of Madison County seeking specific performance of the memorandum agreement. This action was later dismissed and the present action filed in the District Court of Madison County for specific performance of the contract.

The matter was tried before the court and a jury sitting in an advisory capacity. At the conclusion of the trial the court gave instructions to the jury and also submitted two interrogatories to them for answer. The interrogatories submitted were as follows:

"Did Elizabeth Blackshaw, on the 29th day of June, 1949, or at any other time, make, execute and deliver to the plaintiffs, or either of them, or to any person on behalf of the plaintiffs, or either of them, the written instrument set out in the plaintiffs' complaint?"

"Did the plaintiffs, or either of them, or did any person on behalf of the plaintiffs, or either of them, on the 29th day of June, 1949, or at any other time, pay to Elizabeth Blackshaw, or to any person on

her behalf, the sum of $2,520.00, or any other sum, or thing of value, in payment of the purchase price of the real property described in the plaintiffs' complaint?"

The jury answered both interrogatories in the affirmative. The court then made findings of fact, conclusions of law and judgment for specific performance. Thereafter the defendant, appellant herein, moved for a new trial, which was denied. This appeal is taken from the order of the district court denying the motion for a new trial.

Included in the grounds specified in the notice of motion for new trial was newly discovered evidence material to the defendant which could not with reasonable diligence have been discovered and produced at the trial. There were other grounds set forth and specified in the notice of motion for new trial which because of the conclusions reached herein we consider unnecessary to discuss.

■ Trial courts possess discretion to be exercised wisely, in granting or denying a new trial, and such discretion will not be disturbed by the appellate court, unless it is clearly exercised unwisely and manifestly abused. Baldwin v. Ewing, 69 Idaho 176, 204 P.2d 430; Poston v. Hollar, 64 Idaho 322, 132 P.2d 142.

■ Appellate courts are more reluctant to interfere with an order granting a new trial than with an order denying a new trial; a much stronger showing is necessary to obtain a reversal where a new trial has been granted than in instances where it is denied. Poston v. Hollar, supra; MacDonald v. Ogan, 61 Idaho 553, 104 P.2d 1106; Clark v. Fazio, Or., 230 P.2d 553; 5 C.J.S., Appeal and Error, § 1619, page 522, Notes 83–84.

■ The general rule is that in order to warrant the granting of a new trial on the ground of newly discovered evidence, it is essential, among other things, that such evidence has been discovered since the trial and that it could not have been discovered before or during the progress of the trial by the exercise of due diligence. Friedman Bag Co. v. F. E. Baldwin & Co., 57 Idaho 607, 68 P.2d 43; Livestock Credit Corp. v. Corbett, 53 Idaho 190, 22 P.2d 874; Camas Prairie State Bank v. Newman, 15 Idaho 719, 99 P. 833, 21 L.R.A., N.S., 703; 29 Am.Jur. Sec. 159, p. 166.

The asserted newly discovered evidence is set forth in the separate affidavits of some six persons, one of whom resided in California, and by five persons who reside in Madison County, Idaho, the place where the trial was held, and the affidavit of one of the counsel for appellant.

The affidavit of counsel for appellant sets forth that on the day of the trial there came to his knowledge for the first time, new and important evidence for the defendant, the existence of which was unknown to the defendant at the time and before the trial, that said counsel was fully aware of the facts but was ignorant of the legal proof of such facts; such affidavit

goes on to say that counsel made diligent inquiry and industriously endeavored to produce at the trial such evidence as is set forth in the respective affidavits of the other affiants, and that it was not until the day of the trial that the existence of such evidence came to counsel's knowledge; the affidavit sets out that on the day of the trial, which was concluded in one day, he learned that said Elizabeth Blackshaw consulted with one Emily Alvira Jensen, the affiant who resides in California, with reference to any business transactions, and that before she would make any decisions in connection therewith she would solicit and receive the advice of Mrs. Jensen; that following the trial counsel contacted Mrs. Emily Alvira Jensen, who advised him that she was authorized on or near July 7, 1949 by Elizabeth Blackshaw to negotiate a sale of her home in Rexburg, Idaho, and that Mrs. Jensen thereafter, accompanied by a real estate agent, John Tout, whose affidavit is filed in support of said motion and corroborates the statements of Mrs. Jensen, went to the Blackshaw residence for the purpose of listing the property for sale; that Mrs. Jensen also informed her brother, John Hoopes, to contact Miss Blackshaw late in August, 1949, for the purpose of aiding her in the sale of her property; affiant further sets forth in his affidavit a copy of original letter which Mrs. Jensen received from Elizabeth Blackshaw under date of August 11, 1949, with reference to the sale of her property, a copy of the pertinent portions of such letter being as follows:

"Mrs. Lorenzo Jensen

Dear Friend:

&ast; &ast; &ast; &ast; &ast; &ast;

"I went to see the county commisiners Monday. Their was a lot of people their to see them. They gave me a check for $35 to pay my bills with and I will get $45 on the 20th for this month of August. They were very nice. They advise me to go in a home because I am not well enough to keep house. Their is no one comes in to see me. They advise me to sell the home. They are going to put the sewage pipes in on the North side of the corner. We already have it in the front of the lot and I am not connected with the sewage yet. Think of the escpense that will be against the place. I don't like being alone.

" &ast; &ast; &ast; I was wondering if there was some good home in near where you live in Los Angeles. They say the daft home in Salt Lake is very high, if you can get in it. It is not a very large place. Their was a woman wanted to buy the place but she ain't got no money. She has got to borrow it and she wants to pay about $2000 down and the rest on time. If she cant pay for it I might lose it for that amount. I would rather get the full amount down and done with it.

" &ast; &ast; &ast; I will close for this time hoping you are well.

"Love,

Lizzie"

Affiant also sets forth in his affidavit that Emily Alvira Jensen later informed him that she received a letter from Miss Blackshaw on August 27, 1949 in which Miss Blackshaw advised Emily Alvira Jensen that she would keep her informed as to what she did in connection with the sale of the property; affiant further sets forth in his affidavit that he made diligent inquiries and industriously endeavored to discover and produce at the trial of the action evidence of the facts and that it was not until the day of the trial that the existence of the evidence of such facts came to his knowledge; that the evidence is not cumulative in character and that it would produce different results upon another trial.

A new trial may be granted on the ground of newly discovered evidence only if such evidence is material to the issues, not merely cumulative or impeaching, will probably change the results if a new trial is granted, was discovered since the trial and could not have been discovered before the trial by due diligence. Friedman Bag Co. v. F. E. Baldwin & Co., supra.

The affidavits refer to other and different matters than those testified to by any witnesses and set forth facts which were not established by any evidence offered upon the trial; such evidence is material to the issues; it is not merely cumulative or impeaching and probably would change the result if a new trial were granted.

While the affidavit of counsel for appellant in support of his motion for new trial does not employ apt language in setting forth that the newly discovered evidence was not known to the defendant before the trial nor discovered during the progress of the trial, yet the import of the affidavit, when considered in connection with the supporting affidavits, leads to the fair conclusion that such evidence itself was not known to the defendant until after the trial had been completed and that he only had general knowledge that such facts existed.

Knowledge of the existence of a fact and of the evidence to prove it are entirely different; if affiant was not aware of the evidence available to prove such matters as are set forth in the respective affidavits, then he was without knowledge of the evidence before or during the progress of the trial. State v. Evans, 98 Or. 214, 192 P. 1062, 193 P. 927; Lewis v. Nichols, 164 Or. 555, 103 P.2d 284, at page 290.

The affidavit of the defendant in support of motion for new trial simply sets forth that the defendant diligently and industriously endeavored to discover and produce at the trial evidence of such facts as are generally set forth in the supporting affidavits; he does not detail what efforts were made to get such evidence before or during the progress of the trial.

It is urged that there is a lack of due diligence on the part of the appel-

lant in discovering this evidence prior to or during the course of the trial; a litigant may have opportunity to inquire of people about anything they may know concerning the matter in litigation but there must be something which suggests to such litigant the propriety of making such inquiry; otherwise he would be compelled to send a questionnaire to all persons within the area of probable knowledge who might have some information concerning the facts in dispute; even though opportunity presented itself to inquire of some or all of the witnesses as to what they might know about the case, still there was nothing which would suggest the propriety of making such inquiry. Wilbur v. Iowa Power & Light Co., 223 Iowa 1349, 275 N.W. 43; Henderson v. Edwards, 191 Iowa 871, 183 N.W. 583, 16 A.L.R. 1090; where litigant has no information as to the existence of certain matters or as to the making of certain statements, it will not be presumed that he should have made inquiry in the community with respect to such matters or statements, or that he would have discovered such evidence by ordinary diligence; 66 C.J.S., New Trial, § 105, page 305, Note 64; it cannot be successfully asserted that the applicant for a new trial did not exercise due diligence when he possesses no means of knowing that the evidence discovered after the trial was previously obtainable. State v. Lowell, 123 Iowa 427, 99 N.W. 125.

 In this instance Elizabeth Blackshaw, a spinster, was living alone and left no immediate surviving relatives except a brother whose name was unknown and whose whereabouts is not disclosed by the record; there is nothing in the circumstances surrounding the case which would awaken an interest to make inquiry or even suggest to the defendant, the administratrix of decedent's estate, that any of the parties who executed the affidavits in support of the motion knew anything about the case or that either or any of them had ever had any correspondence or conversation with decedent regarding the problem of and decision with respect to the sale of her property at any time either before or after the purported sale to the plaintiffs; no doubt an opportunity was presented to make inquiry of the affiants who resided in Madison County as to what they might know about the case, yet there was nothing which would suggest to the defendant, as administratrix of the estate, or to her counsel, the propriety of making any such inquiry; under such circumstances the showing of due diligence has been met.

Respondent urges that the appeal should be dismissed without regard to the merits of the motion for new trial for the reason that the appellant herein, after having made a motion for an extension of thirty days in which to file her affidavits in support of her motion for new trial, did not file such supporting affidavits until several months later; the notice of intention to move for new trial was filed on

April 10, 1950 and within a period of less than ten days following the entry of the decree; on the same day a motion for thirty days extension of time in which to file supporting affidavits was also filed, together with a notice calling such motion for extension of time up for hearing on April 14, 1950; no order appears in the record either granting or denying the motion for extension of time; on October 17, 1950, the affidavits in support of motion for new trial were filed and on the same date the court minutes indicate that both counsel were present in court and the case case passed over for the term; on this date there was nothing before the court in relation to this case for it to pass upon other than the motion for a new trial; on November 2, 1950, the court entered an order denying the motion and reciting therein that the court had read the affidavits filed in support of the motion and had studied the briefs of respective counsel.

▇▇▇ The record does not contain any counter-showing in opposition to such motion and does not reveal that respondents herein made objection to the hearing of the motion for new trial on the ground that appellant had not filed her supporting affidavits until some six months subsequent to the filing of the notice of intention to move for new trial and the record is entirely silent as to whether or not one or more extensions were given, or whether or not appellant was dilatory in this respect or otherwise; it was the duty of the respondents to make objections upon the hearing of the motion for new trial if the affidavits were filed after the time allowed by any extensions, if any were given, and to have such objections noted in the record; if he fails to do so the court on appeal will presume, where the trial court has heard the motion, and acted thereon, that an appropriate order or orders were made extending the time in which to file the necessary affidavits; if the adverse party contends that no such order or orders were ever made or that if made the time therein granted had expired, or for any other reason, the hearing on the motion came too late, it was his duty to make that objection either prior to the hearing on said motion or at the time it was disposed of.

▇▇▇ Where a trial court has passed upon a motion for new trial it will be presumed, in the absence of a showing to the contrary, that the motion was properly made and presented to and passed upon by the court. Steve v. Bonners Ferry Lumber Co., 13 Idaho 384, 92 P. 363.

The order denying motion for new trial is reversed and the cause remanded for new trial. No costs allowed herein.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.